UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JOHN LEMMINN III,<br><br>    Plaintiff,<br><br>  v.<br><br>CAPITAL ONE BANK (USA), N.A.,<br>et al.<br><br>    Defendants. | NO. 1:18-CV-02250-RJS<br>[PROPOSED] CASE MANAGEMENT PLAN<br>AND SCHEDULING ORDER |

RICHARD J. SULLIVAN, District Judge:

    Pursuant to Rules 16-26(f) of the Federal Rules of Civil Procedure, the Court hereby adopts the following Case Management Plan and Scheduling Order.

1. All parties do not consent to disposition of this case by a Magistrate Judge, pursuant to 28 U.S.C. § 636(c).

2. This case is to be tried by jury.

3. No additional parties may be joined except with leave of the Court.

4. Amended pleadings may not be filed except with leave of the Court.

5. Initial disclosures pursuant to Rule 26(a)(1) shall be completed no later than June 21, 2018.

6. All fact discovery is to be completed no later than December 21, 2018.

7. The parties are to conduct discovery in accordance with the Federal Rules of Civil Procedure and the Local Rules of the Southern District of New York. The following interim deadlines may be extended by the parties on consent without application to the Court, provided that the parties meet the deadline for completed fact discovery set forth in ¶ 6 above.

   a. Initial requests for production of documents shall be served by July 23, 2018. Absent an agreement between the parties or an order from the Court, no party shall serve more than 50 requests for the production of documents on any other party.

   b. Interrogatories shall be served by July 23, 2018. Absent an agreement between the parties or an order from the Court, no party shall serve more than 25 interrogatories on any other party.

    c. Depositions shall be completed by December 14, 2018.

        i. Absent an agreement between the parties or an order from the Court, depositions are not to be held until all parties have responded to initial requests for document production.

        ii. There is no priority in deposition by reason of a party's status as a plaintiff or a defendant.

    d. Requests to Admit shall be served no later than September 21, 2018.

8. All expert disclosures, including reports, production of underlying documents, and depositions shall be completed pursuant to the following deadlines:

    a. Expert(s) of Plaintiff: November 30, 2018

    b. Expert(s) of Defendants: December 14, 2018

9. All discovery shall be completed no later than January 18, 2018

10. The Court will conduct a post-discovery conference on _____.

11. If either party contemplates a motion, the post-discovery conference will function as a pre-motion conference. Pre-motion letters are to be submitted by _____. Pursuant to Rule 2.A of the Court's Individual Practices, responses to pre-motion letters are to be submitted within three business days from the date of submission of the initial pre-motion letter. Pre-motion letters and responses shall be submitted pursuant to Rule 1.A of the Court's Individual Practices.

12. If neither party contemplates a dispositive motion, the post-discovery conference will function as a pre-trial conference at which a trial date will be set.

13. Counsel for the parties request a settlement conference before a Magistrate Judge or the Southern District's Mediation Program and request:

    a. __X____ Referral to a Magistrate Judge for Settlement Discussion

    b. _____ Referral to the Southern District's Mediation Program

    The Parties are to contact _____ by _____.

14. Parties have conferred and their present best estimate of the length of trial is 3-4 days.

15. In the case of a discovery dispute, unless otherwise directed, parties should describe their discovery disputes in a single letter, jointly composed, not to exceed five pages. Separate

and successive letters will not be read.  Strict adherence to Fed. R. Civ. P. 37(a)(1), the "meet and confer" rule, is required, and should be described in the joint submission as to time, place, and duration, naming the counsel involved in the discussion.  The joint letter shall describe concisely the issues in dispute and the respective position of each party, citing the applicable authority that the respective parties claim for support.  As a general matter, affidavits or exhibits are not permitted in connection with discovery disputes letters without prior written request and permission.  However, when the dispute concerns the refusal to respond to a specific written request, the parties shall attach that request.  If an opposing party refuses to participate in writing a joint letter or does not provide its portion of a joint letter within 72 hours of a party's request, a party may submit a letter without the opposing party's contribution and shall attach a copy of the correspondence seeking the opposing party's contribution.

16. No request of an extension of the deadlines set forth in ¶¶ 6 or 9 shall be granted unless the parties seeking the extension show good cause for the extension and specifically explain (1) what discovery has already been completed, (2) what discovery remains to be done, and (3) why the parties were unable to comply with the preexisting deadlines.  As a general matter, the Court will not adjourn a deadline by more than the number of days remaining from the time of the request to the original deadline.  (For example, if at the time of the request there are twenty dates left before the deadline, the Court will not adjourn the deadline more than twenty days.)

SO ORDERED.

DATED:       _____, 2018
         New York, New York

_____
RICHARD J. SULLIVAN
UNITED STATES DISTRICT JUDGE